1  BENJAMIN B. WAGNER
   United States Attorney
2  DONNA L. CALVERT
   Acting Regional Chief Counsel, Region IX
3  Social Security Administration
   THEOPHOUS H. REAGANS CSBN 189450
4  Special Assistant United States Attorney
       160 Spear Street, Suite 600
5      San Francisco, California 94105
       Telephone: (415) 977-8938
6      Facsimile: (415) 744-0134

7  Attorneys for Defendant

**UNITED STATES DISTRICT COURT**,

**EASTERN DISTRICT OF CALIFORNIA**

SACRAMENTO DIVISION

| | |
|---|---|
| CAROLYN A. SMITH, | CASE NO. 2:10-01985-EFB |
| Plaintiff, | **STIPULATION AND ~~PROPOSED~~ ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of SIX THOUSAND DOLLARS ($6,00.00).  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

    After the Court issues an order for EAJA fees, expenses and costs to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses and costs to Plaintiff's attorney.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees, expenses and costs are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the

order for EAJA fees, expenses and costs is entered, the government will determine whether they are subject to any offset.

Fees, expenses and costs shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Bess M. Brewer, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, expenses and costs, and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses and costs in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: July 24, 2012                  */s/ Bess M. Brewer*
                                      BESS M. BREWER
                                      Attorney for Plaintiff
                                      [as authorized by email]

/////
/////
/////
/////
/////
/////
/////
/////
/////

Dated: July 24, 2012

BENJAMIN B. WAGNER
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration

By: */s/ Theophous H. Reagans*
THEOPHOUS H. REAGANS
Special Assistant U.S. Attorney
Attorneys for Defendant

**ORDER**

APPROVED AND SO ORDERED.

DATED:  October 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE